UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
BRUCE HANSLEY,

                        Plaintiff,           15 CV 9659 (LGS)

    -against-

THE CITY OF NEW YORK,
MIGUEL BRAND, MARQUIS CROSS,    **AMENDED COMPLAINT**
and JOHN DOE,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiff Bruce Hansley, by his attorneys Lumer & Neville, as and for his Amended Complaint, hereby alleges as follows upon information and belief:

## PARTIES, VENUE and JURISDICTION

        1.    At all times hereinafter mentioned, plaintiff Bruce Hansley was an adult male resident of Kings County, within the State of New York.

        2.    At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.    At all relevant times hereinafter mentioned, defendant Miguel Brand (Shield No.: 17277), was employed by the municipal defendant as a member of the NYPD, and is sued herein in his individual capacity.

4. At all relevant times hereinafter mentioned, defendant Marquis Cross (Shield No.: 05690), was employed by the municipal defendant as a member of the NYPD, and is sued herein in his individual capacity.

5. At all relevant times hereinafter mentioned, defendants John Doe was were employed by the municipal defendant as a member of the NYPD and is sued herein in his individual capacity. The true identity of John Doe is not presently known to plaintiff.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, <u>et seq</u>., in the Southern District of New York, where the defendant City of New York resided, and where the majority of the actions complained of herein occurred.

8. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under law.

9. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

10. That the within action was initiated within one year and ninety days of the happening of the events of which plaintiff complains.

**RELEVANT FACTS**

11. On July 28, 2015, at or about 9:00 a.m., plaintiff was lawfully present on an "L" subway train that was traveling in New York County, New York..

12. Plaintiff was not, and had not been, engaged in any criminal or unlawful conduct, nor was he engaged in any conduct that could reasonably be viewed as criminal or unlawful.

13. As the train headed towards the Third Avenue station, one of the individual defendants approached plaintiff, displayed his NYPD badge, and directed plaintiff to exit the train with him at the next station.

14. Moments later the train arrived at the station, at which time plaintiff complied with the individual defendant's directive and exited the train onto the platform.

15. Plaintiff and this individual defendant were joined on the platform by the second and third individual defendants, so that plaintiff was now present on the platform with defendants Brand, Cross, and Doe, at which time one of the individual defendants asked plaintiff for his identification and plaintiff complied.

16. Despite the complete absence of any basis to stop and question plaintiff, much less seize and hold him at the station, the defendants placed plaintiff against a wall and searched him. They then handcuffed plaintiff and removed him to a local police service area.

17. While in the individual defendants' custody plaintiff was photographed and his arrest was processed.

18. Plaintiff was subsequently transported to New York County Central Booking, where he remained in the defendants' custody for many more hours.

19. Eventually the New York County District Attorney declined to

prosecute plaintiff and Mr. Hansley was released without an explanation and without being charged.

20. At no time did there exist sufficient cause to seize or arrest the plaintiff, nor could the defendants have reasonably believed that such cause existed.

21. The arrest and imprisonment of plaintiff was objectively unreasonable.

22. Each of the three Doe defendants participated in the stop, search, and arrest of plaintiff by either physically participating or by failing to intervene in his colleagues' actions.

23. That at all times relevant herein, defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

24. Plaintiff hereby restates all of the preceding paragraphs as though fully set forth herein.

25. The individual defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without sufficient legal cause and without a reasonable basis to believe such cause existed.

26. By so doing, the individual defendants, either by their affirmative actions or their deliberate failure to intervene in their colleagues' misconduct, subjected the plaintiff to false arrest and imprisonment, and unlawful searches of person and property, and

thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

27. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

28. Plaintiff hereby restates all of the preceding paragraphs as though fully set forth herein.

29. Plaintiff was intentionally, willfully, maliciously and/or with reckless disregard, subjected to false arrest and imprisonment, and an unlawful search of his person and property by the individual defendants.

30. The individual defendants are liable to plaintiff under New York law for the unlawful search, seizure, and false arrest and imprisonment of plaintiff, and the municipal defendant is vicarious.y liable to plaintiff for the acts of the individual defendants, who were acting as the City's employees and agents, under the doctrine of respondeat superior.

31. By reason thereof, the defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**[Remainder of Page Intentionally Blank]**

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the first and second causes of action, actual and punitive damages against the individual defendants in an amount to be determined at trial;

    ii.    on the second cause of action, actual damages against the municipal defendant in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iv.    such other relief as the Court deems just and proper.

Dated: New York, New York
April 23, 2016

    LUMER & NEVILLE
    Attorneys for Plaintiff

By: *[signature]*

Michael Lumer, Esq.
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060